IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.  No. CR 04-0990 JB

JUAN CARRILLO-CARION,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Motion to Dismiss Government's Petition for Revocation of Supervision, filed November 12, 2004 (Doc. 9). The primary issue is whether the Plea Agreement precludes the Court from entering the Petition for Revocation of Supervision. Because the Court determines that the Petition of Revocation of Supervision is not an additional charge against Defendant Juan Carrillo-Carion, the Court will deny the motion.

**PROCEDURAL BACKGROUND**

Unlike the United States Probation Office, the United States Attorney's Office is part of the department of Justice, which is a component of the executive branch of the federal government. Each of the three branches of the federal government are independent of the other and perform a separate function.

Carrillo-Carion pled guilty to the underlying offense under a plea agreement filed March 9, 2004. See United States v. Carrillo-Carion, No. CR-2004-436, Plea Agreement (D.N.M., filed March 9, 2004)(Doc. 38). Specifically, Carrillo-Carion pled guilty to possession with intent to

distribute 100 kilograms and more of marijuana, a Schedule I controlled substance, and aiding and abetting under 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(B), and 18 U.S.C. § 2.  In the Plea Agreement, the United States agreed that it would not bring any additional charges against Carrillo-Carion arising out of his conduct known to the United States Attorney at that time: "11. Provided that the defendant fulfills his obligations as set out above, the United States agrees not to bring additional charges against the defendant arising out of the defendant's conduct now known to the United States Attorney's Office for the District of New Mexico."  Defendant's Plea Agreement ¶11, at 5.

At the time the parties entered into the Plea Agreement, the Assistant United States Attorney was aware of Carrillo-Carion's prior conviction and probation status.  The United States and the Presentence Investigation Report disclosed his prior conviction and probation status.  At the time of Carrillo-Carion's change of plea, however, the United States was not aware of any actions of the defendant that indicated he had violated additional criminal statutes.  For this reason, the United States alleges that it did not bring any additional charge, by way of a Complaint, Information, or Indictment against Carrillo-Carion.

Carrillo-Carion moves the Court to dismiss the Petition for Revocation of Supervision.  The United States opposes Carrillo-Carion's motion.

## ANALYSIS

Carrillo-Carion contends that a probation violation would be a change that arises out of Carrillo-Carion's conduct for which the Plea Agreement served and resolved.  Carrillo-Carion contends that the probation violation would deny him the benefit of his Plea.  Carrillo-Carion, however, confuses the term "additional charge" with the term "violation of the conditions of release."

The Court rejects Carrillo-Carion's arguments for two reasons.

## I.  THE UNITED STATES DID NOT BRING AN ADDITIONAL CHARGE AGAINST CARRILLO-CARION.

The United States Attorney's Office can allege criminal charges against an individual through several instruments: (i) a Complaint; pursuant to rule 3 of the Federal rules of Criminal Procedures; (ii) an Information, pursuant to rule 7; or (iii) an Indictment from a standing Grand Jury, see Fed. R. Crim. P. 7. The United States Attorney's Office must determine that an individual has committed certain acts which satisfy the elements of a crime as defined by statute. Because the United States has not brought any additional charge – by way of a Complaint, Information, or Indictment – the United States has abided by the terms of its plea agreement with Carrillo-Carion.

In essence, Carrillo-Carion is arguing that the executive branch, which the United States Attorney's Office represents, brought an additional charge through a part of the federal government – the judicial branch – that ii does not control. In support of his argument, Carrillo-Carion assumes that an "additional charge" means the same as a "violation of the conditions of release." Each term, however, has a specific meaning that separates entities of the federal government, using separate mechanisms, enforce.

The United States Court of Appeals for the Tenth Circuit considered this same argument in United States v. Acuna-Diaz, No. CIV 96-1343, 1998 WL 47220 (10th Cir. Feb. 6, 1998)(unpublished decision). In United States v. Acuna-Diaz, a defendant pled guilty to re-entry following deportation under 8 U.S.C. § 1326. See id. at *1. At the sentencing, the United States moved for revocation of supervised release stemming from a prior conviction. See id. The court revoked the defendant's supervised release. See id. On appeal, the defendant alleged that,"having

his supervised release revoked, the government breached a plea agreement provision promising not to bring 'additional charges' on information in its possession at the time of the plea." Id. The defendant also alleged ineffective assistance of counsel based on his attorney's failure to raise this argument during the sentencing proceedings. See id. The Tenth Circuit rejected this argument, holding:

> The revocation of [the defendant's] supervised release was a continuation of the original 1991 criminal action, not a separate proceeding. . . . [S]ee also United States v. Amer, 110 F.3d 873, 884 (2d Cir.), cert. denied, [522 U.S. 904] (1997). Thus, the revocation did not constitute "additional charges," the plea agreement was not breached, and Acuna-Diaz's counsel cannot be considered ineffective for failing to make a meritless argument, see Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).

See United States v. Acuna-Diaz, 1998 WL 47220 at *1.

The Court therefore holds that the revocation of supervision was a continuance of Carrillo-Carion's 2003 conviction and does not violate the United States' plea agreement arising out of Carrillo-Carion's 2004 conviction.

## II.     THE COURT HAS ALLEGED THAT CARRILLO-CARION HAS VIOLATED HIS CONDITIONS OF RELEASE.

The United States Probation Office is typically the entity that alleges the defendant violated his or her conditions of release. Here, the United States Probation Office looked to Carrillo-Carion's Judgment in the underlying conviction. See United States v. Carrillo-Carion, No. CR-00261-001, Judgment In a Criminal Case (D. Ariz. July 16, 2003). The "Supervised Release" provision of the Judgment states, in part: "The defendant shall comply with the standard conditions of supervision adopted by this Court in General Order 99-9: . . . 1) [Carrillo-Carion] shall not commit another federal, state, or local crime during the term of supervision." See id. at 2. By pleading guilty and

being convicted of -- and sentenced for -- possession with intent to distribute 100 kilograms and more of marijuana, a Schedule I controlled substance, and aiding and abetting under 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(B), and 18 U.S.C. § 2, Carrillo-Carion violated his terms of supervised release under his 2003 Judgment.

The United States frankly concedes that the Probation Officer said that it probably would not bring the Petition for Revocation of Supervision if the United States did not think it should. See Transcript of Sentencing Hearing at 70:15-19 (taken December 8, 2004).[1] The Probation Office also typically contacts the United States Attorney's Office to see if there is sufficient evidence to support the Petition and to secure the approval of the United States Attorney's Office. But the United States Probation Office prepares the Petition and presents it to the United States District Judge. It is ultimately the Court, in consultation with its staff, which includes the Probation Office, that decides to bring the Petition. Here, it was the Court that brought this Petition. The United States merely assisted the Court in the prosecution of the Revocation proceedings.[2]

**IT IS ORDERED** that the Defendant's Motion to Dismiss Government's Petition for Revocation of Supervision is denied.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any finalized transcript may contain slightly different page and/or line numbers.

[2] The situation is similar to a contempt proceeding. The Court issues a show cause order, but the United States Attorney's Office often prosecutes every case.

*Counsel:*

David C. Iglesias
  United States Attorney for the
  District of New Mexico
Damon P. Martinez
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the United States*


Francisco Mario Ortiz
Las Cruces, New Mexico

    *Attorney for the Defendant*